UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FELIX NGUATIA SILACHA and ASONGAFAC NKEMAWUNJIA-ROLAND, | ) ) ) ) ) | |
| Petitioners, | ) ) | Civil Action No. |
| v. | ) ) | 20-11595-FDS |
| EDEN DETENTION CENTER, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER**

**SAYLOR, C.J.**

On August 24, 2020, the Court received a *pro se* pleading submitted by Felix Nguatia Silacha and Asongafac Nkemawunjia-Roland, citizens of Cameroon now in immigration custody at the Eden Detention Center in Eden, Texas. (Docket No. 1). The clerk opened the pleading as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Although petitioners allege that they have been ordered removed from the United States, they ask this federal district court to intervene based on petitioners' fear of persecution if removed to Cameroon.

This Court lacks jurisdiction to hear petitioners' claims. As an initial matter, "jurisdiction lies in only one district: the district of confinement," and that "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2722 (2004). Petitioners are detained in Texas and this Court does not have jurisdiction over petitioners' custodian.

More importantly, the federal district courts do not have subject matter jurisdiction over challenges to an immigration order of removal.  The sole means for judicial review of an order of removal is a petition for review in the appropriate court of appeals. 8 U.S.C. §§ 1252(b)(9), (g).  In passing the REAL ID Act, Congress deprived district courts of Section 2241 habeas review of final orders of removal.  *See* Pub.L. No. 109–13, 119 Stat. 231 (2005) ("Real ID Act"), amending the Immigration and Naturalization Act, 8 U.S.C. § 1252.  The Real ID Act has placed "review of all final removal orders, for both criminal and non-criminal aliens, in the courts of appeals." *Ishak v. Gonzales*, 422 F.3d 22, 28 (1st Cir. 2005).  A district court's jurisdiction to consider a petition for habeas corpus brought under 28 U.S.C. § 2241 by an alien in detention following a final order of removal is limited to determining "whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Accordingly, this action is DISMISSED.

**So Ordered.**

Dated:  August 28, 2020

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Chief United States District Judge